**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4651**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MAHENDRA SHAH, a/k/a Mike Shah,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Benson Everett Legg, Chief District Judge. (CR-02-560)

Submitted: April 12, 2006                      Decided: May 5, 2006

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Clarke F. Ahlers, CLARK F. AHLERS, P.C., Columbia, Maryland, Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A., Elkridge, Maryland, Joseph Murtha, MILLER, MURTHA & PSORAS, L.L.C., Lutherville, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Barbara S. Sale, James G. Warwick, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mahendra Shah appeals his convictions and 180-month sentence imposed for eight counts of mail fraud, in violation of 18 U.S.C. § 1341 (2000); one count of wire fraud, in violation of 18 U.S.C. § 1343 (2000); two counts of arson, in violation of 18 U.S.C. § 844(i),(h) (2000); four counts of engaging in a money transaction in criminally derived property, in violation of 18 U.S.C. § 1957(a) (2000); and one count of use of a fire to commit a felony, in violation of 18 U.S.C. § 844(h) (2000). Finding no error, we affirm.

Shah asserts the district court abused its discretion when it admitted evidence under Fed. R. Evid. 404(b) of Shah's involvement in a 1996 fire, an event for which Shah filed no insurance claim, and therefore was purportedly inadmissible to prove a plan to defraud his insurance company. Evidence of prior acts is admissible under Fed. R. Evid. 404(b) and Fed. R. Evid. 403 if the evidence is: (1) relevant to an issue other than the general character of the defendant, (2) necessary, (3) reliable, and (4) if the probative value of the evidence is not substantially outweighed by its prejudicial effect. United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997). The evidence at issue here, the 1996 fire, was critical to establish Shah's plan to defraud, and satisfies the criteria enumerated in Queen. We therefore find the

district court did not abuse its discretion in admitting this evidence.

Shah next alleges the evidence was insufficient to support his convictions. A jury's verdict must be upheld on appeal if there is substantial evidence, taking the view most favorable to the government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is defined as "that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (citation omitted). We review both direct and circumstantial evidence and permit "the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Construing all inferences in favor of the Government, we find the evidence against Shah was abundant.

Shah finally argues that his statutorily-mandated sentence violated United States v. Booker, 543 U.S. 220 (2005). Shah contends that his sentence should be remanded as Booker vests sentencing discretion in the trial court and causes the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005) to trump all mandatory statutes. This argument lacks merit. See United States v. Green, 436 F.3d 449, 456 n* (4th Cir. 2006) (citing 28 U.S.C. § 3553(e) (2000)); United States v. Robinson, 404 F.3d 850, 862

(4th Cir. 2005) (acknowledging, in the context of determining whether a sentence is reasonable, that "[t]he statutory limits for both maximum and minimum sentences must be honored except as statute otherwise authorizes").

We therefore affirm Shah's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED